ZHANG JIAN HUA, Plaintiff would often beg to be allowed to go back to China.  Each time, Defendant ZHANG JIAN HUA solidly refused the plea, insisting that Plaintiff JIANG's only option was to continue working as her maid and nanny in Saipan and that she must work well, again threatening her with more beatings and telling Plaintiff that the girls from ECHO KARAOKE were watching Plaintiff closely and reporting her activities to Defendant ZHANG JIAN HUA.

53.  Frequently during her employment in Saipan, Defendants ZHANG JIAN HUA and ZHANG JIAN GANG would tell Plaintiff that if she ran away and returned to China on her own, the defendants would cause physical injury to Plaintiff JIANG's family members in China, including her 17 old son in Yanji City.  Defendants ZHANG JIAN HUA and ZHANG JIAN GANG would claim that they had friends in the Chinese mafia and in the Chinese police and they told Plaintiff JIANG that she could not run away.  To reinforce their threats, Defendants ZHANG JIAN HUA and ZHANG JIAN GANG would relate to Plaintiff stories of their vengeance on others in China who had crossed them.

54.  In the early morning of May 7, 2005, Defendants ZHANG JIAN HUA, ZHANG JIAN GANG and other employees of ECHO KARAOKE returned home from work at about 3:30 a.m. Defendant ZHANG JIAN HUA immediately confronted Plaintiff JIANG accusing her of "talking to outsiders" and again accused Plaintiff of yelling at Defendant ZHANG JIAN HUA's infant child. Defendant ZHANG JIAN HUA then had an ECHO KARAOKE employee remove the infant child from the apartment and she locked the door.  Plaintiff JIANG was left alone in the apartment with Defendants ZHANG JIAN HUA and ZHANG JIAN GANG who proceeded to beat her senseless causing Plaintiff JIANG to suffer multiple abrasions and contusions to her face, head, neck, arms, legs and torso and causing Plaintiff to black out and leaving Plaintiff with internal pains for days.  They dragged Plaintiff around the apartment on the floor by her hair.  They chocked her and they threatened to shave her head.  They rammed Plaintiff's head into the wall several times.  They stomped on her chest and sat on her stomach.  They spit water in her face, beat her with a water

bottle and threw her to the floor and stepped on her head. Defendants ZHANG JIAN HUA and ZHANG JIAN GANG, while beating Plaintiff JIANG, constantly made threats that they would harm her son in China if she complained. They told JIANG that no one in Saipan could help her. Plaintiff JIANG begged for them to stop the beating to no avail.

55. After the beating, ZHANG JIAN GANG suggested that ZHANG JIAN HUA have Plaintiff JIANG sign a promissory note for the processing fees, transportation fees and the recruitment fee that Defendant ZHANG JIAN HUA claimed she was owed. Defendant ZHANG JIAN HUA agreed that this was a good idea — that it would facilitate a claim against JIANG if she ran away back to China. Thereafter, with Defendants ZHANG JIAN HUA and ZHANG JIAN GANG threatening to beat her if she refused, Plaintiff JIANG was forced to write a letter "confessing" that she had abused Defendant ZHANG JIAN HUA's minor child, that JIANG was generally a problem employee, and that Plaintiff JIANG owed Defendant ZHANG JIAN HUA money for her processing fees, transportation fees and a recruitment fee and damages for all the problems JIANG had caused. After finishing writing what Defendant ZHANG JIAN HUA demanded, Plaintiff JIANG refused to sign the letter. Defendant ZHANG JIAN HUA again with treats of additional beatings, physically took JIANG's hand and smeared her fingerprint in lipstick purportedly as JIANG's "acknowledgment" of the promise.

56. After the beatings and forced confession, Defendant ZHANG JIAN HUA and the others went to sleep. After everyone was asleep, JIANG snuck outside and asked for help from a neighbor who drove JIANG to the Saipan police station where the Department of Public Safety officers ensured JIANG the proper protection and got her medical attention for her injuries.

57. Throughout her confinement by DEFENDANTS prior to her escape on May 7, 2005, Plaintiff JIANG was prohibited from talking to "outsiders" and was not allowed to make calls to her family in China. Plaintiff JIANG was prohibited by DEFENDANTS from going out by herself and was constantly threatened with further beatings for any disobedience.

58. Plaintiff JIANG, not able to speak English, in a strange land, in a place where she believed she was unable to get help, was at the complete mercy of her merciless keepers.

FIRST CAUSE OF ACTION
(Forced Labor - Human Trafficking)

59. Plaintiff incorporates paragraphs 1 through 58 above as if fully set forth herein.

60. Section 112 of the Trafficking Victims Protection Act of 2000, Public Law 106-386, amended, *inter alia*, chapter 77 of title 18, United States Code, by adding the new sections 1589 and 1590:

61. Title 18 U.S.C. § 1589 states:

> Whoever knowingly provides or obtains the labor or services of a person—
>> (1) by threats of serious harm to, or physical restraint against, that person or another person;
>> (2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or
>> (3) by means of the abuse or threatened abuse of law or the legal process, shall be fined under this title or imprisoned not more than 20 years, or both.
>
> If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.

62. Title 18 U.S.C. § 1590 states:

> Whoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.

63. Section 4 of the Trafficking Victims Protection Reauthorization Act of 2003, Public Law

Page 17 of 28

1   108-193, further amended chapter 77 of title 18, United States Code by adding a new section 1595

2   which provides a private right of action:

3           § 1595.  Civil remedy

4               (a) An individual who is a victim of a violation of section 1589, 1590, or
           1591 of this chapter may bring a civil action against the perpetrator in an
5              appropriate district court of the United States and may recover damages and
           reasonable attorneys fees.
6
            (b)(1) Any civil action filed under this section shall be stayed during the
7              pendency of any criminal action arising out of the same occurrence in which
           the claimant is the victim.
8               (2) In this subsection, a 'criminal action' includes investigation and
           prosecution and is pending until final adjudication in the trial court.
9

10       64.  DEFENDANTS, and each of them, jointly, knowingly and willfully, participated in,

11   facilitated, conspired, and aided and abetted, directly and indirectly, in the recruitment, harboring

12   and transportation of Plaintiff JIANG for labor and services in violation of 18 U.S.C. §§ 1589.

13       65.  DEFENDANTS, and each of them, jointly and severally, are the actual and proximate

14   cause of substantial injuries to Plaintiff JIANG, including but not limited to pain and suffering,

15   humiliation, emotional distress, loss of freedom, loss of enjoyment of life, and the deprivation of

16   Plaintiff's fundamental human rights.

17       66.  DEFENDANTS, and each of them, jointly and severally, are liable to Plaintiff for such

18   injuries in an amount not less than Five Hundred Thousand Dollars ($500,000.00).

19       67.  DEFENDANTS, and each of them, jointly and severally, because of their extreme,

20   outrageous, willful and malicious conduct, are further liable to Plaintiff for punitive damages in an

21   amount not less than One Million Dollars ($1,000,000.00).

22                    SECOND CAUSE OF ACTION
23             (FLSA Violation - Unpaid Overtime Compensation)

24       68.  Plaintiff incorporates paragraphs 1 through 67 above as if fully set forth herein.

25       69. At all times relevant to this action, Ms. JIANG was an employee of DEFENDANTS, and

26   each of them jointly, within the meaning of § 203(e)(1) of the FLSA and § 9212(e) of the MWHA.

27

70.  At all times relevant to this action, DEFENDANTS, and each of them jointly, were employers of Ms. JIANG within the meaning of § 203(d) of the FLSA and § 9212(f) of the MWHA.

71.  At all times relevant to this action, Ms. JIANG was employed, jointly, by DEFENDANTS within the meaning of § 203(g) of the FLSA and § 9212(d) of the MWHA.

72.  At all times relevant to this action, Ms. JIANG was employed, jointly, by DEFENDANTS in Saipan, Commonwealth of the Northern Mariana Islands.

73.  At all times relevant to this action, DEFENDANTS were an enterprise within the meaning of § 203(r)(1) of the FLSA.

74.  At all times relevant to this action, DEFENDANTS were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA.

75.  At all times relevant to this action, Ms. JIANG, as an employee of DEFENDANTS, was engaged in commerce within the meaning of § 207(a)(1) of the FLSA.

76.  Plaintiff JIANG worked more than forty (40) hours per week for DEFENDANTS in every week that Plaintiff JIANG was employed by DEFENDANTS.

77.  At all times while employed by DEFENDANTS, Plaintiff JIANG was employed, and actually performing work, in job category or categories that are not exempt from the provisions of the FLSA and/or the MWHA.

78.  DEFENDANTS failed to pay Plaintiff the applicable minimum wage for all hours worked for DEFENDANTS in violation of § 9221(a)(2) of the MWHA.

79.  DEFENDANTS failed to pay Plaintiff JIANG all overtime premiums required by § 207(a) of the FLSA and by § 9222 of the MWHA.

80.  DEFENDANTS failed to maintain full and accurate records of the hours actually worked by Plaintiff JIANG as required by § 215(a)(5) of the FLSA and § 9232(a) of the MWHA.

81.  All of the actions and omissions alleged above were undertaken by DEFENDANTS,

1  jointly, either directly or through their agent or agents.

2    82. All of the actions and omissions alleged above were willful within the meaning of § 9243

3  of the MWHA, and with regard to the applicability of the statute of limitations on FLSA claims and

4  claims pursuant to the Commonwealth Nonresident Workers Act, 3 C.M.C. §§ 4411 *et seq.* (2000).

5    83. DEFENDANTS have violated the provisions of § 207(a) of the FLSA by failing to pay

6  Plaintiff JIANG overtime compensation in the amount of one and one-half times her regular pay rate

7  for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

8    84. Because Plaintiff was not provided with at least 5 hours per day of rest time away from

9  the duties and responsibilities of her employment with DEFENDANTS, Plaintiff's effective "work

10  hours" for the period from December 29, 2004 through May 7, 2005 were 24 hours per day, 7 days

11  per week.

12    85. For the entire period of Plaintiff JIANG's employment by DEFENDANTS in Saipan,

13  Plaintiff received from DEFENDANTS payments for wages in the total amount of $255.00.

14    86.   Plaintiff JIANG is entitled to payment of unpaid overtime compensation from

15  DEFENDANTS, jointly and severally, calculated based on regular pay rate of $3.05 per hour as

16  adjusted by the regular rate provisions of § 207(e) of the FLSA, and an additional equal amount as

17  liquidated damages.

18    87. Plaintiff JIANG is also entitled to costs of the action and reasonable attorney's fees

19  pursuant to § 216(b) of the FLSA.

20                               THIRD CAUSE OF ACTION
                        (MWHA Violation - Unpaid Overtime Compensation)
21

22    88. Plaintiff incorporates paragraphs 1 through 87 above as if fully set forth herein.

23    89. DEFENDANTS have violated the provisions of § 9222 of the MWHA by failing to pay

24  Plaintiff JIANG overtime compensation in the amount of one and one-half times her regular pay rate

25  for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

26    90.   Plaintiff JIANG is entitled to payment of unpaid overtime compensation from

27

DEFENDANTS, jointly and severally, calculated based on regular pay rate of $3.05 per hour as adjusted by the regular rate provisions of § 9212(g) of the MWHA, and an additional equal amount as liquidated damages for DEFENDANTS' willful violation.

91.  Plaintiff JIANG is also entitled to costs of the action and reasonable attorney's fees pursuant to § 9244(b) of the MWHA.

FOURTH CAUSE OF ACTION
(MWHA Violation - Unpaid Minimum Wage)

92.  Plaintiff incorporates paragraphs 1 through 91 above as if fully set forth herein.

93.  Defendant has violated the provisions of § 9221(a)(2) of the MWHA by failing to pay Plaintiff JIANG a minimum wage of at least $3.05 per hour for all of the hours worked by Plaintiff each work week.

94.  Plaintiff JIANG is entitled to payment of unpaid minimum wages from Defendant, and an additional equal amount as liquidated damages for Defendant's willful violation.

95.  Plaintiff JIANG is also entitled to costs of the action and reasonable attorney's fees pursuant to § 9244(b) of the MWHA.

FIFTH CAUSE OF ACTION
(Breach of Contract)

96.  Plaintiff incorporates paragraphs 1 through 95 above as if fully set forth herein.

97.  Upon information and belief, at all times relevant to this action, Plaintiff JIANG had a valid and binding Employment Contract with DEFENDANTS.

98.  Also upon information and belief, pursuant to that Employment Contract, DEFENDANTS were required, among other obligations, to pay Plaintiff at least $3.05 per hour for each hour Plaintiff worked for DEFENDANTS and 1.5 times that rate as an overtime premium for all hours worked by Plaintiff in excess of 40 hours in a week.

99.  By failing to pay Plaintiff in accord with the terms of the Employment Contract, DEFENDANTS materially breached the Employment Contract.

Page 21 of 28

100.   Because of DEFENDANTS' material breach, Plaintiff is entitled to expectation, incidental and consequential damages from DEFENDANTS, jointly and severally, in an amount no less than Sixteen Thousand Seven Hundred Eighty Seven Dollars ($16,787.00), plus an equal amount as liquidated damages pursuant to 3 C.M.C. § 4447(d).

101.   Plaintiff JIANG is also entitled to and costs and reasonable attorney's fees pursuant to 3 C.M.C. § 4447(d) .

### SIXTH CAUSE OF ACTION
(Fraud)

102.   Plaintiff incorporates paragraphs 1 through 101 above as if fully set forth herein.

103.   In about October through December 2004, Defendant ZHANG JIAN HUA several representations to Plaintiff regarding Plaintiff going to work for the Defendant in Saipan, including but not limited to: that Defendant ZHANG JIAN HUA would pay Plaintiff JIANG $250.00 per month as a salary, that Defendant ZHANG JIAN HUA would cover all processing fees and transportation expenses and that, because Plaintiff would be hired directly and not through an agency, Plaintiff would avoid having to pay a recruiting fee.

104.   All such representations of Defendant ZHANG JIAN HUA were of material facts that, at the time they were made by Defendant ZHANG JIAN HUA, were known by the Defendant to be false.

105.   At the times she made the representations to Plaintiff in China, Defendant ZHANG JIAN HUA had no intention of following through with such representations.  Instead, it was the intent of Defendant ZHANG JIAN HUA that Plaintiff JIANG believe the misrepresentations of the Defendant and rely on those representations to agree to go to work for the Defendant in Saipan.

106.   Plaintiff did, in fact, reasonably rely on the misrepresentations of Defendant ZHANG JIAN HUA about, among other things, her salary, the payment of expenses and recruiting fees and her living and working conditions.

107.   Because of her reliance on the misrepresentations of Defendant ZHANG JIAN HUA,

1 Plaintiff JIANG was transported into a life of beatings and involuntary servitude at that hands of

2 DEFENDANTS.

3 108. DEFENDANTS, and each of them, knew of Defendant ZHANG JIAN HUA's deception

4 and aided and abetted in the furtherance of the fraud by, among other actions: facilitating the legal

5 employment of Plaintiff JIANG in the CNMI; facilitating the transportation of Plaintiff JIANG to

6 the CNMI; facilitating the legal entry of Plaintiff JIANG into the CNMI; ensuring that Plaintiff

7 JIANG continued to believe the misrepresentations of Defendant ZHANG JIAN HUA until it was

8 too late and she was well confined in the servitude of DEFENDANTS all pursuant to the plan or

9 scheme of DEFENDANTS that caused Plaintiff JIANG to become a victim of human trafficking.

10 109. As an actual and proximate cause of DEFENDANTS' fraud, Plaintiff has suffered

11 substantial economic and non-economic injuries, including but not limited to pain and suffering,

12 humiliation, emotional distress, loss of freedom, loss of enjoyment of life, and the deprivation of

13 Plaintiff's fundamental human rights.

14 110. For their fraud, DEFENDANTS, and each of them, jointly and severally, are liable to

15 Plaintiff for such injuries in an amount not less than Five Hundred Thousand Dollars ($500,000.00).

16 111. DEFENDANTS, and each of them, jointly and severally, because of their extreme,

17 outrageous, willful and malicious conduct, are further liable to Plaintiff for punitive damages in an

18 amount not less than One Million Dollars ($1,000,000.00).

19
20
SEVENTH CAUSE OF ACTION<br>(Battery)

21 112. Plaintiff incorporates paragraphs 1 through 111 above as if fully set forth herein.

22 113. On numerous occasions described herein, DEFENDANTS physically beat Plaintiff

23 JIANG and/or aided and abetted in the beating of Plaintiff JIANG.

24 114. DEFENDANTS, and each of them, intended that their actions would lead to the

25 beating of, and actually did lead to the beating of, Plaintiff JIANG.

26 115. Such beating caused Plaintiff JIANG to suffer cuts and bruises, they caused her to lose

27

1   consciousness on occasion, and have caused her severe emotional trauma.

2   116.  For the multiple batteries inflicted on Plaintiff, DEFENDANTS, and each of them,

3   jointly and severally, are liable to Plaintiff in an amount not less than Five Hundred Thousand

4   Dollars ($500,000.00).

5   117.  DEFENDANTS, and each of them, jointly and severally, because of their extreme,

6   outrageous, willful and malicious conduct, are further liable to Plaintiff for punitive damages in an

7   amount not less than One Million Dollars ($1,000,000.00).

8
### EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

9

10  118.  Plaintiff incorporates paragraphs 1 through 117 above as if fully set forth herein.

11  119.  Not only was defendant repeatedly beaten at the hands of DEFENDANTS, but

12  DEFENDANTS also continually intimidated, harassed and threatened Plaintiff and Plaintiff's family

13  members with substantial physical harm and even death if Plaintiff did not do what DEFENDANTS

14  demanded, if Plaintiff spoke to "outsiders," if Plaintiff were to attempt to run away, and sometimes

15  for no apparent reasons whatsoever.

16  120.   From her arrival in December of 2004 through her eventual escape from

17  DEFENDANTS in May 2005, Plaintiff lived under constant fear of reprisals, further beatings, harm

18  to her family members in China, and fear of her own death.

19  121. All of the actions taken by DEFENDANTS were taken with the intent to create such

20  fear and cause Plaintiff JIANG severe emotional distress.

21  122. The actions taken by DEFENDANTS were extreme and outrageous and are the actual

22  and proximate cause of Plaintiff's sever emotional distress.  The distress suffered by Plaintiff at the

23  hands of DEFENDANTS is more than a reasonable person could be expected to endure.

24  123. For the severe emotional distress inflicted on Plaintiff, DEFENDANTS, and each of

25  them, jointly and severally, are liable to Plaintiff in an amount not less than Five Hundred Thousand

26  Dollars ($500,000.00).

27

124.  DEFENDANTS, and each of them, jointly and severally, because of their extreme, outrageous, willful and malicious conduct, are further liable to Plaintiff for punitive damages in an amount not less than One Million Dollars ($1,000,000.00).

NINTH CAUSE OF ACTION
(False Imprisonment)

125.  Plaintiff incorporates paragraphs 1 through 124 above as if fully set forth herein.

126.  On a number of occasions described herein, Plaintiff was physically restrained and/or physically confined by DEFENDANTS against her will.

127.  Throughout the entire time Plaintiff worked for DEFENDANTS, Plaintiff was confined, against her will, by direct and indirect threats of force.

128.  The actions of DEFENDANTS were taken directly and/or were taken indirectly and/or were aided and abetted by other defendants herein.

129.  It was the intent of all DEFENDANTS that Plaintiff, during her confinement with by DEFENDANTS from December 2004 until her eventual escape in May 2005, be restrained, confined and surveilled against her will, directly, and indirectly by physical force, threats, torture and intimidation.

130.  Such illegal restraint of Plaintiff JIANG at the hands of DEFENDANTS was the actual and proximate cause of substantial injuries to Plaintiff, including, but not limited to pain and suffering, humiliation, emotional distress, loss of freedom, loss of enjoyment of life, and the deprivation of Plaintiff's fundamental human rights.

131.  For Plaintiff's false imprisonment, DEFENDANTS, and each of them, jointly and severally, are liable to Plaintiff in an amount not less than Five Hundred Thousand Dollars ($500,000.00).

132.  DEFENDANTS, and each of them, jointly and severally, because of their extreme, outrageous, willful and malicious conduct, are further liable to Plaintiff for punitive damages in an amount not less than One Million Dollars ($1,000,000.00).

Page 25 of  28

## TENTH CAUSE OF ACTION
(Negligence)

133. Plaintiff incorporates paragraphs 1 through 132 above as if fully set forth herein.

134. If it is determined that DEFENDANTS, or any of them, did not have the requisite knowledge or intent for liability premised on the claims above, it is hereby specifically alleged that DEFENDANTS and each of them had a duty to Plaintiff to protect Plaintiff from being battered, assaulted, imprisoned, defrauded, and trafficked into peonage by other defendants and third parties, whether or not such third parties are named defendants herein.

135. It is further alleged that DEFENDANTS, and each of them, by their own negligence, breached the duty they owed to Plaintiff by allowing such defendants and third parties to batter, assault, imprison, defraud and traffic Plaintiff into indentured servitude.

136. As an actual and proximate cause of DEFENDANTS' negligence, and each of them, Plaintiff has suffered substantial economic and non-economic injuries, including but not limited to pain and suffering, humiliation, emotional distress, loss of freedom, loss of enjoyment of life, and the deprivation of Plaintiff's fundamental human rights.

137. DEFENDANTS, and each of them, are liable to Plaintiff, jointly and severally, in an amount of not less than Five Hundred Thousand Dollars ($500,000.00) for their negligence.

PRAYER FOR RELIEF:

Accordingly, Plaintiff JIANG prays for the following relief:

A. That DEFENDANTS, jointly and severally, pay Plaintiff general compensatory damages in an amount of no less than Five Hundred Thousand Dollars ($500,000.00) for the pain and suffering, humiliation, emotional distress, loss of freedom, loss of enjoyment of life and the deprivation of Plaintiff's fundamental human rights for DEFENDANTS jointly, knowingly and willfully participating in, facilitating, conspiring and aiding and abetting, directly and indirectly, in the recruitment, harboring, transportation and the ultimate peonage of Plaintiff JIANG, and for

1    DEFENDANTS' fraud, frequent assaults and batteries and the false imprisonment of Plaintiff.

2        B. That DEFENDANTS, jointly and severally, pay Plaintiff punitive damages in the amount

3    of One Million Dollars ($1,000,000.00) for their intentional, willful and malicious acts of recruiting,

4    harboring and transporting Plaintiff JIANG and subjecting Plaintiff JIANG to a life of involuntary

5    servitude at the hands of DEFENDANTS, and for DEFENDANTS' fraud, frequent assaults and

6    batteries and the false imprisonment of Plaintiff.

7        C. That DEFENDANTS, jointly and severally, pay Plaintiff JIANG compensation for unpaid

8    wages and breach of contract in an amount no less than Sixteen Thousand Seven Hundred Eighty

9    Seven Dollars ($16,787.00).

10       D. That DEFENDANTS, jointly and severally, pay Plaintiff an equal amount of such unpaid

11   wages and contract damages as liquidated damages;

12       E. That DEFENDANTS, jointly and severally, pay Plaintiff reasonable attorney's fees and

13   costs of this action.

14

15       Submitted this 29th day of December, 2005.

16

17                                          MARK B. HANSON
                                            First Floor, Macaranas Building
18                                          Beach Road, Garapan
                                            PMB 738, P.O. Box 10,000
19                                          Saipan, MP 96950

20                                          Attorney for Plaintiff JIANG LI RONG

21

22

23

24

25

26

27

Page 27 of  28

VERIFICATION OF AMENDED COMPLAINT

I, JIANG LI RONG, hereby certify that the forgoing complaint has been translated to me from English into my native language, Mandarin Chinese, and that I have read and understood the allegations and claims made herein and that I consent to be a party plaintiff herein. I further certify that the factual statements made in the numbered paragraphs herein are true and correct to the best of my knowledge and belief and that I verified the accuracy of the above Complaint this 29th day of December, 2005.



JIANG LI RONG
Plaintiff


DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 58(b), Plaintiff hereby demands a trial by jury on all of Plaintiff's causes of actions and claims for relief stated in the above-Verified Complaint.

DATED this 29th day of December, 2005.

MARK B. HANSON

First Floor, Lizama Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950

Attorney for Plaintiff JIANG LI RONG

Page 28 of 28