Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendant Hong Kong Entertainment (Overseas) Investments, Ltd., and Alfred Yue

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JIANG LI RONG ) | CIVIL ACTION NO. 05-0048 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| HONG KONG ENTERTAINMENT ) | |
| (OVERSEAS) INVESTMENTS LTD ) | |
| NEW ECHO ENTERTAINMENT, INC) | **ANSWER** TO AMENDED |
| ALFRED YUE, ZHANG JIAN HUA ) | COMPLAINT BY DEFENDANTS |
| ZHANG DE MING, ZHANG JIAN ) | HKE AND YUE |
| GANG, LI LI, LI FENG and Does ) | |
| 1 - 10 ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Comes now Hong Kong Entertainment (Overseas) Investments, Ltd, ("HKE") and Alfred Yue ("Yue") who respond to the amended complaint as follows:

Page 1 of  7

1.  HKE and Yue deny each and every allegation contained in ¶¶ 1, 7, 17, 18, 19, 20, 21, 29, 30, 33, 34, 35, 37, 38, 39, 46, 49 - 57, 64 - 67, 69 - 87, 89 - 91, 93 - 95, 97 - 101, 103 - 111, 113 - 117, 119 - 124, 126 - 132, and 134 - 137.

2.  HKE and Yue admit ¶ 22

3.  In response to ¶ 2, HKE and Yue deny the existence of federal question jurisdiction as t human trafficking is not involved in this case and 18 U.S.C. § 1595 does not apply in the Commonwealth.

4.  In response to ¶ 3, HKE and Yue deny that the FLSA applies to this matter as plaintiff does not have any FLSA overtime claims.

5.  In response to ¶ 4, HKE and Yue deny that the FLSA applies to this matter and deny the existence of federal question jurisdiction based on the FLSA.

6.  In response to ¶ 5, HKE and Yue deny that the FLSA applies to this matter and deny the power of this court to adjudicate any such claims.

7.  In response to ¶ 6, HKE and Yue deny that the existence of supplemental jurisdiction as there is not any federal question jurisdiciton. FLSA applies to this matter and deny the existence of federal question jurisdiction based on the FLSA. existence of federal question jurisdiction based on the FLSA.

8.  In response to ¶ 8, HKE and Yue deny that Jiang is a victim of human

trafficking.

9. In response to ¶ 9, HKE and Yue deny that HKE engaged in any illegal act or that Jiang was a victim of human trafficking.

10. In response to ¶ 10, HKE and Yue admit only that New Echo Entertainnment, Inc., is a Commonwealth corporation. HKE and Yue deny all other allegations contained in ¶ 10.

11. In response to ¶ 11, HKE and Yue admit only that Yue is a United States citizen residing in San Jose, Tinian and that he is HKE's managing director. HKE and Yue deny all other allegations contained in ¶ 11.

12. In response to ¶ 12, HKE and Yue admit only that Zheng is an individual who is a citizen of China currently residing on Saipan and is the mother of a child fathered by Yue. HKE and Yue deny all other allegations contained in ¶ 12.

13. In response to ¶¶ 13 - 16, HKE and Yue deny the existence of any scheme or plan involving human trafficking and that plaintiff was a victim of human trafficking and that plaintiff suffered any injuries as the result of human trafficking.

14. In response to ¶¶ 23 - 27, neither HKE and Yue were present in China at the time alleged in these paragraphs and therefore lack personal knowledge

of any conduct or communication between Jiang and Zheng and therefore on the basis of such lack of personal knowledge, deny ¶¶ 23 - 27.

15. In response to ¶ 28, HKE and Yue admit only that HKE processed documents for Jiang to work on Tinian for HKE. HKE and Yue deny all other allegations contained in ¶ 28.

16. In response to ¶ 31, HKE and Yue admit only that Jiang's papers were approved by the Commonwealth Department of Labor and that she traveled to the Commonwealth.

17. In response to ¶¶ 32, neither HKE and Yue were present at the time of the alleged acts and therefore lack personal knowledge of any of the alleged conduct or acts and therefore on the basis of such lack of personal knowledge, deny ¶ 32.

18. In response to ¶ 36, HKE and Yue admit only that Jiang assisted in caring for Yue's infant son. HKE and Yue deny all other allegations contained in ¶ 36.

19. In response to ¶ 40 HKE and Yue admit only that for whatever time Jiang could be considered Jiang's employer under commonwealth law, HKE had only the obligations required by Commonwealth law. HKE and Yue deny all other allegations contained in ¶ 40.

20. In response to ¶ 40, HKE and Yue admit only that Jiang never performed any work for HKE and accordingly, HKE did not have any obligation to pay her any sum for labor.

21. In response to ¶ 42, Yue admits that Jiang was not an employee of his and that he did not have any legal obligation to pay compensation to Jiang for labor Jiang may have performed.

22. In response to ¶ 43, HKE and Yue admit only that Jiang transferred to New Echo pursuant to a consenual transfer approved by the Commonwealth Department of Labor.

23. In response to ¶ 44, HKE and Yue admit that the records of the Commonwealth Department of Labor has an official copy of the transfer approval. HKE and Yue lack knowledge of any other allegations contained in ¶ 44 and therefore deny all such other allegations.

24. In response to ¶ 45, HKE and Yue lack knowledge as to whether New Echo paid Jiang any compensation and therefore deny ¶ 45.

25. In response to ¶ 47, HKE and Yue deny Jiang ws kept in any servitude and deny the alleged action took since the paragraph does not identify any action allegedly took.

26. In response to ¶ 48, HKE and Yue admit that Jiang abused Yue's infant son.

HKE and Yue deny all other allegations contained in ¶ 48.

27.   In response to  ¶ 58, HKE and Yue admits only that Jiang is not fluent in English. HKE and Yue deny all other allegations contained in ¶ 58.

28.   In response to  ¶ 59, HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 58 of the amended complaint.

29.   In response to ¶¶ 60 - 62, HKE and Yue need not respond to those paragraphs as they contain allegation of law in that they cite portions of certain federal statutes which HKE and Yu contend are not applicable in the Commonwealth, Nevertheless, HKE and Yue admit only that the text and provisions of 18 U.S.C. §§ 1589, 1590, and 1595 are set forth in the U.S. Code.

30.   In response to  ¶ 68 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 67 of the amended complaint.

31.   In response to  ¶ 88 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 87 of the amended complaint.

32.   In response to  ¶ 92 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 91 of the amended complaint.

33.   In response to  ¶ 96 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 95 of the amended complaint.

34. In response to ¶ 102 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 101 of the amended complaint.

35. In response to ¶ 112 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 111 of the amended complaint.

36. In response to ¶ 118 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 117 of the amended complaint.

37. In response to ¶ 125 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 124 of the amended complaint.

38. In response to ¶ 133 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 132 of the amended complaint.

## PRAYER FOR RELIEF

Wherefore, HKE and Yue pray for relief as follows:

1. Plaintiff take nothing by her complaint;

2. Cost of suit including attorneys fees; and

3. Such other and further relief as the court deems just and proper.

Law Office of G. Anthony Long

By:_____/s/_____
G. Anthony Long