Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendant Hong Kong Entertainment (Overseas) Investments, Ltd., and Alfred Yue

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JIANG LI RONG | ) CIVIL ACTION NO. 05-0048 |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| HONG KONG ENTERTAINMENT | ) |
| (OVERSEAS) INVESTMENTS LTD | ) |
| NEW ECHO ENTERTAINMENT, INC | ) AMENDED ANSWER TO AMENDED |
| ALFRED YUE, ZHANG JIAN HUA | ) COMPLAINT BY DEFENDANTS |
| ZHANG DE MING, ZHANG JIAN | ) HKE AND YUE AND AMENDED |
| GANG, LI LI, LI FENG and Does | ) THIRD PARTY COMPLAINT BY |
| 1 - 10 | ) DEFENDANT HKE AND JURY |
| | )  DEMAND |
| Defendant. | ) |
| | ) |
| _____ | ) |
| HONG KONG ENTERTAINMENT | ) |
| (OVERSEAS) INVESTMENTS, LTD. | ) |
| | ) |
| Third Party Plaintiff | ) |
| | ) |
| | ) |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| CENTURY INSURANCE | ) |
| COMPANY, INC. | ) |
|  | ) |
| Third Party Defendant | ) |
|  | ) |
|  | ) |
| _____ | ) |

Comes now Hong Kong Entertainment (Overseas) Investments, Ltd, ("HKE") and Alfred Yue ("Yue") who respond to the amended complaint as follows:

1. HKE and Yue deny each and every allegation contained in ¶¶ 1, 7, 17, 18, 19, 20, 21, 29, 30, 33, 34, 35, 37, 38, 39, 46, 49 - 57, 64 - 67, 69 - 87, 89 - 91, 93 - 95, 97 - 101, 103 - 111, 113 - 117, 119 - 124, 126 - 132, and 134 - 137.

2. HKE and Yue admit ¶ 22

3. In response to ¶ 2, HKE and Yue deny the existence of federal question jurisdiction as t human trafficking is not involved in this case and 18 U.S.C. § 1595 does not apply in the Commonwealth.

4. In response to ¶ 3, HKE and Yue deny that the FLSA applies to this matter as plaintiff does not have any FLSA overtime claims.

5. In response to ¶ 4, HKE and Yue deny that the FLSA applies to this matter

and deny the existence of federal question jurisdiction based on the FLSA.

6. In response to ¶ 5, HKE and Yue deny that the FLSA applies to this matter and deny the power of this court to adjudicate any such claims.

7. In response to ¶ 6, HKE and Yue deny that the existence of supplemental jurisdiction as there is not any federal question jurisdiciton. FLSA applies to this matter and deny the existence of federal question jurisdiction based on the FLSA. existence of federal question jurisdiction based on the FLSA.

8. In response to ¶ 8, HKE and Yue deny that Jiang is a victim of human trafficking.

9. In response to ¶ 9, HKE and Yue deny that HKE engaged in any illegal act or that Jiang was a victim of human trafficking.

10. In response to ¶ 10, HKE and Yue admit only that New Echo Entertainnment, Inc., is a Commonwealth corporation. HKE and Yue deny all other allegations contained in  ¶ 10.

11. In response to ¶ 11, HKE and Yue admit only that Yue is a United States citizen residing in San Jose, Tinian and that he is HKE's  managing director. HKE and Yue deny all other allegations contained in  ¶ 11.

12. In response to ¶ 12, HKE and Yue admit only that Zheng is an individual who is a citizen of China currently residing on Saipan and is the mother of a

child fathered by Yue. HKE and Yue deny all other allegations contained in ¶ 12.

13. In response to ¶¶ 13 - 16, HKE and Yue deny the existence of any scheme or plan involving human trafficking and that plaintiff was a victim of human trafficking and that plaintiff suffered any injuries as the result of human trafficking.

14. In response to ¶¶ 23 - 27, neither HKE and Yue were present in China at the time alleged in these paragraphs and therefore lack personal knowledge of any conduct or communication between Jiang and Zheng and therefore on the basis of such lack of personal knowledge, deny ¶¶ 23 - 27.

15. In response to ¶ 28, HKE and Yue admit only that HKE processed documents for Jiang to work on Tinian for HKE. HKE and Yue deny all other allegations contained in ¶ 28.

16. In response to ¶ 31, HKE and Yue admit only that Jiang's papers were approved by the Commonwealth Department of Labor and that she traveled to the Commonwealth.

17. In response to ¶¶ 32, neither HKE and Yue were present at the time of the alleged acts and therefore lack personal knowledge of any of the alleged conduct or acts and therefore on the basis of such lack of personal

knowledge, deny ¶ 32.

18. In response to ¶ 36, HKE and Yue admit only that Jiang assisted in caring for Yue's infant son. HKE and Yue deny all other allegations contained in ¶ 36.

19. In response to ¶ 40 HKE and Yue admit only that for whatever time Jiang could be considered Jiang's employer under commonwealth law, HKE had only the obligations required by Commonwealth law. HKE and Yue deny all other allegations contained in ¶ 40.

20. In response to ¶ 40, HKE and Yue admit only that Jiang never performed any work for HKE and accordingly, HKE did not have any obligation to pay her any sum for labor.

21. In response to ¶ 42, Yue admits that Jiang was not an employee of his and that he did not have any legal obligation to pay compensation to Jiang for labor Jiang may have performed.

22. In response to ¶ 43, HKE and Yue admit only that Jiang transferred to New Echo pursuant to a consenual transfer approved by the Commonwealth Department of Labor.

23. In response to ¶ 44, HKE and Yue admit that the records of the Commonwealth Department of Labor has an official copy of the transfer

approval. HKE and Yue lack knowledge of any other allegations contained in ¶ 44 and therefore deny all such other allegations.

24. In response to ¶ 45, HKE and Yue lack knowledge as to whether New Echo paid Jiang any compensation and therefore deny ¶ 45.

25. In response to ¶ 47, HKE and Yue deny Jiang ws kept in any servitude and deny the alleged action took since the paragraph does not identify any action allegedly took.

26. In response to ¶ 48, HKE and Yue admit that Jiang abused Yue's infant son. HKE and Yue deny all other allegations contained in ¶ 48.

27. In response to ¶ 58, HKE and Yue admits only that Jiang is not fluent in English. HKE and Yue deny all other allegations contained in ¶ 58.

28. In response to ¶ 59, HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 58 of the amended complaint.

29. In response to ¶¶ 60 - 62, HKE and Yue need not respond to those paragraphs as they contain allegation of law in that they cite portions of certain federal statutes which HKE and Yu contend are not applicable in the Commonwealth, Nevertheless, HKE and Yue admit only that the text and provisions of 18 U.S.C. §§ 1589, 1590, and 1595 are set forth in the U.S. Code.

30. In response to ¶ 68 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 67 of the amended complaint.

31. In response to ¶ 88 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 87 of the amended complaint.

32. In response to ¶ 92 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 91 of the amended complaint.

33. In response to ¶ 96 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 95 of the amended complaint.

34. In response to ¶ 102 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 101 of the amended complaint.

35. In response to ¶ 112 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 111 of the amended complaint.

36. In response to ¶ 118 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 117 of the amended complaint.

37. In response to ¶ 125 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 124 of the amended complaint.

38. In response to ¶ 133 HKE and Yue reallege and incorporate their responses to ¶¶ 1 - 132 of the amended complaint.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim for relief under 18 U.S.C. § 1589 et seq.

2. Plaintiff is exempt from the overtime provisions of the FLSA.

3. Plaintiff is exempt from the overtime provisions of the Commonwealth MWMH provisions.

4. Plaintiff was exempt from the minimum wage provision of the Commonwealth MWMH provisions.

5. Plaintiff's claims under the Commonwelath MWMH statutes are barred, in whole or in part, by the statute of limitations.

6. Plaintiff's claim for breach of contract is barred, in whole or in part, by the statute of limitations.

7. Plaintiff's tort and negligence claims are barred by the Commonwealth Workers Compensation law.

8. Plaintiff's own negligence is the proximate cause of her injuries.

9. Plaintiff's claims are barred by laches.

10. Plaintiffs claims are barred by unclean hands.

11. Plaintiffs claims are barred by her consent.

## PRAYER FOR RELIEF

Wherefore, HKE and Yue pray for relief as follows:

1. Plaintiff take nothing by her complaint;

2. Cost of suit including attorneys fees; and

3. Such other and further relief as the court deems just and proper.

## AMENDED THIRD PARTY COMPLAINT

### Jurisdiction and Parties

Comes now, Hong Kong Entertainment (Overseas) Investments, Ltd., ("HKE") and makes a third party complaint and alleges as follows:

1. The court has jurisdiction over this matter pursuant to 28 U.S. C. § 1367.

2. Thirty party plaintiff HKE is a Commonwealth corporation.

3. Defendant Century Insurance Company, Inc., is a Commonwealth corporation.

### First Claim for Relief

4. HKE re-aalegs and incorporates ¶¶ 1 - 3 of this Third Party Complaint.

5. At all time relevant herein, HKE maintained insurance policies with Century.

6. The insurance policies HKE maintained with Century provided insurance coverage for all or some of the claims alleged by plaintiff in her amended complaint. A copy of plaintiff's amended complaint is attached hereto as Exhibit 1.

7. Pursuant to the insurance policies issued by Century to HKE, HKE is entitled to indemnification from Century for all or some of the claims alleged by plaintiff.

8. Pursuant to the insurance policies issued by Century to HKE, Century is obligated to provide a defense for HKE.

9. Despite the insurance policies HKE maintained with Century, Century refuses to recognize its duty to defend or indemnify HKE.

10. An actual controversy exists between HKE and Century concerning its duty to defend and indemnify in connection with plaintiff's claims.

**Second Claim for Relief**

11. HKE realleges and incorporates ¶¶ 1 - 10 of this third party complaint.

12. At all time relevant herein, Century was HKE's insurer.

13. Century, at all times relevant herein, led HKE to believe that it was covered

by the

insurance policies for claims of negligence and other conduct plaintiff alleged in her complaint.

14. Century's denial of coverage and refusing to provide a defense or indemnify HKE regarding plaintiff's negligence claim and other covered claims constitutes an unfair, unlawful and prohibited business practice or act in violation of the Commonwealth Consumer Protection Act, 4 CMC § 5010 *et seq*.

15. At all times relevant herein, Century's conduct was willful, intentional and in disregard for HKE's rights.

### Third Claim for Relief

16. HKE realleges and incorporates ¶¶ 1 - 15 of this third party complaint.

17. Century, at all times relevant herein, led HKE to believe that it was covered by the

insurance policies for the claims of negligence and other conduct plaintiff alleged in her complaint.

18. In denying coverage, Century did not provide HKE any reason as to why none of plaintiff's claims were not covered by any of the insurance policies it issued to HKE.

In denying coverage, Century improperly shifted the burden to HKE, its insured, to explain or justify why coverage existed for any of plaintiff's claims.

19. Said conduct constituted an unfair, unlawful and prohibited business practice or act in violation of the Commonwealth Consumer Protection Act, 4 CMC § 5010 *et seq*.

20. At all times relevant herein, Century's conduct was willful, intentional and in disregard for HKE's rights.

### Fourth Claim for Relief

21. HKE realleges and incorporates ¶¶ 1 - 20 of this third party complaint.

22. Century has caused HKE its insured to expend its own funds to defend against plaintiff's claim in this lawsuit despite the insurance coverage purchased by HKE in which Century possessed the duty to defend.

23. Said conduct constituted an unfair, unlawful and prohibited business practice or act in violation of the Commonwealth Consumer Protection Act, 4 CMC § 5010 *et seq*.

24. At all times relevant herein, Century's conduct was willful, intentional and in disregard for HKE's rights.

## PRAYER FOR RELIEF

Wherefore, HKE prays for relief as follows:

### First Claim for Relief

1. A declaration that Century possesses the duty to defend HKE in connection with plaintiff's claims.

2. Century possesses the duty to indemnify HKE in connection with plaintiff's claims.

3. The attorney fees and costs incurred by HKE in defending plaintiff's claims.

4. Prejudgment interest on the amount of attorney fees and costs HKE incurred in defending plaintiff's claims.

5. Cost of suit including reasonable attorneys fees; and

4. Such other and further relief as the court deems just and proper.

### Second Claim for Relief

1. Damages in the amount to be proved at trial;

2. Liquidated damages in an amount equal to the actual damages proved at trial;

3.  Cost of suit including reasonable attorneys fees; and

4.  Such other and further relief as the court deems just and proper.

### Third Claim for Relief

1.  Damages in the amount to be proved at trial;

2.  Liquidated damages in an amount equal to the actual damages proved at trial;

3.  Cost of suit including reasonable attorneys fees; and

4.  Such other and further relief as the court deems just and proper.

### Fourth Claim for Relief

1.  Damages in the amount to be proved at trial;

2.  Liquidated damages in an amount equal to the actual damages proved at trial;

3.  Cost of suit including reasonable attorneys fees; and

4.  Such other and further relief as the court deems just and proper.

    Law Office of G. Anthony Long

    By:_____/s/_____
        G. Anthony Long

## JURY DEMAND

HKE demands a trial by jury on each claim in the amended complaint and each claim in the third party complaint which is triable before a jury.

Law Office of G. Anthony Long

By:_____/s/_____
        G. Anthony Long