FILED
Clerk
District Court

APR 21 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JIANG LI RONG,

    Plaintiff

v.

HONG KONG ENTERTAINMENT
(OVERSEAS) INVESTMENTS LTD., *et al.*,

    Defendants.

Civil Case No. 05-0048

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

THIS MATTER came before the Court on Thursday, April 10, 2008, for hearing of Defendants' motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants appeared through their attorney, G. Anthony Long. Plaintiff appeared by and through her attorney, Mark B. Hanson. Having carefully reviewed the parties' briefs and the relevant legal authority, and having had the benefit of oral argument and good cause appearing, the Court hereby DENIES the motion.

## BACKGROUND

This case arises out of allegations of forced labor, human trafficking, and physical abuse. In October of 2004, Plaintiff Jiang Li Rong began to work for Defendant Zhang Jian Hua in

AO 72
(Rev. 08/82)

China as a housekeeper and caretaker for Ms. Zhang's infant child. (First Amended Comp. ¶ 25.) On December 29, 2004, at the behest of Ms. Zhang, Ms. Jiang came to the Commonwealth of the Northern Mariana Islands ("CNMI") to work as Ms. Zhang's housekeeper and childcare provider. (*Id.* ¶¶ 26, 32.) Ms. Zhang promised to pay Ms. Jiang $250 per month, pay for her transportation to the CNMI and pay for any processing fees. (*Id.* ¶ 27.) However, Ms. Jiang claims that she was not paid the promised amounts, she was severely beaten on multiple occasions by the Defendants, she was not allowed to leave and she was threatened with more violence if she attempted to speak to "outsiders" or escape. (*Id.* ¶¶ 34–35, 48–50, 52–54.) On May 7, 2005, after a particularly severe beating, Ms. Jiang was able to sneak out and seek help from a neighbor who took her to the police. (*Id.* ¶ 56.)

On December 29, 2005, Ms. Jiang filed the instant action naming multiple defendants including Hong Kong Entertainment (Overseas) Investment, Ltd. (d/b/a Tinian Dynasty) ("HKE") and Alfred Yue, the father of Ms. Zhang's child, an alleged conspirator in the trafficking and confinement of Ms. Jiang, and the managing director of HKE. The complaint asserts claims for violation of 18 U.S.C. § 1595, the Fair Labor Standards Act, the Minimum Wage and Hour Act, and claims for breach of contract, fraud, battery, intentional infliction of emotional distress, false imprisonment, and negligence.[1]

The Court will discuss additional specific facts as required in the analysis.

## ANALYSIS

Now before the Court is Defendants HKE's and Yue's ("Defendants") motion to dismiss the cause of action for violation of 18 U.S.C. § 1595. Defendants assert that § 1595 does not

---

[1] Pursuant to 18 U.S.C. § 1595(b)(1), this Court stayed the proceeding while criminal charges were pending against Ms. Zhang in the CNMI Superior Court. On March 9, 2007, Ms. Zhang was convicted in the Superior Court for criminal assault and battery and on April 24, 2007 she was sentenced. On April 25, 2007, this Court lifted the stay on the instant civil action because the criminal action was no longer pending.

apply in the CNMI under the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, 48 U.S.C. § 1801 (1993) ("Covenant"). The Court finds that § 1595 does apply in the CNMI.

A. Rule 56 Summary Judgment Legal Standard.[2]

Defendants have moved for summary judgment on the first cause of action alleging violation of 18 U.S.C. § 1595. Pursuant to Federal Rule of Civil Procedure 56(c), a moving party is entitled to a judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of establishing that there is no genuine issue of material fact, "that is, pointing out to the district court []that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Only where the moving party meets its burden of establishing that there is an absence of evidence to support the nonmoving party's case does the burden shift to the nonmoving party to present more than a scintilla of evidence in support of its position. Fed. R. Civ. P. 56(e) (once the moving party has met its burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial"); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

---

[2] Defendants assert that this is a motion to dismiss pursuant to Rule 12(b)(6), or in the alternative a motion for summary judgment pursuant to Rule 56. The Court will consider it a motion for summary judgment because responsive pleadings have already been filed and because the issue presented is a matter of law.

**B. Application of Federal Laws in the CNMI.**

Defendants argue that 18 U.S.C. § 1595 does not apply in the CNMI because it was passed pursuant to Congress' authority under the Commerce Clause and the Commerce Clause does not "apply" in the CNMI.

As a threshold matter, "the authority of the United States towards the CNMI arises solely under the Covenant." *Hillblom v. United States*, 896 F.2d 426, 429 (9th Cir.1990); *see U.S. ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 754 (9th Cir. 1993) (Congress does not have plenary legislative authority over the CNMI. Rather, "it is solely by the Covenant that we measure the limits of Congress' legislative power."). To determine whether a federal statute applies in the CNMI, the Court looks to either Section 502(a)(2) or 105 of the Covenant. *Richards*, 4 F.3d at 754 ("Section 502(a)(2) governs the application to the CNMI of federal laws existing prior to January 9, 1978, and [] Section 105 governs the application of federal laws enacted after that date."). Under Section 105, a federal law that came into existence after January 9, 1978 applies in the CNMI if: (1) it is applicable to both the CNMI and the several states; (2) it was passed in accord with the U.S. Congress' constitutional processes; and (3) the law does not modify the CNMI's right of self-governance by modifying fundamental provisions of the Covenant.[3]

**C. 18 U.S.C. § 1595 Applies in the CNMI.**

Here, Defendants argue that 18 U.S.C. § 1595 does not apply in the CNMI. Title 18

---

[3] Section 105 provides in full that: "The United States may enact legislation in accordance with its constitutional processes which will be applicable to the Northern Mariana Islands, but if such legislation cannot be made applicable to the several States[,] the Northern Mariana Islands must be specifically named therein for it to become effective in the Northern Mariana Islands. In order to respect the right of self-government guaranteed by this Covenant the United States agrees to limit the exercise of that authority so that the fundamental provisions of this Covenant, namely Articles I, II and III and Sections 501 and 805, may be modified only with the consent of the Government of the United States and the Government of the Northern Mariana Islands." Covenant § 105.

U.S.C. § 1595 was enacted as part of the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPRA"). *See* TVPRA, Pub. L. No. 108-193, 117 Stat. 2875. The TVPRA was an amendment to the Trafficking Victims Protection Act of 2000 ("TVPA"). *See* TVPA, Pub. L. No. 106-386, 114 Stat 1464. Accordingly, 18 U.S.C. § 1595 was an amendment to a law "in existence" after January 9, 1978 and Section 105 of the Covenant applies to determine whether § 1595 applies in the CNMI.

First, § 1595 applies to both the CNMI as well as the several states. *See id.* at Sec. 103(10), (12) ("The term 'State' means each of the several States, . . . [and] the Commonwealth of the Northern Mariana Islands . . . . The term 'United States' means the fifty States, . . . [and] the Commonwealth of the Northern Mariana Islands . . . .") (unaltered by the TVPRA). In addition, § 1595 was passed in accord with Congress' constitutional processes. *United States v. Morrison*, 529 U.S. 598, 607 (2000) (congressional acts are presumed constitutional absent plain showing that Congress exceeded its authority) (citations omitted).

Finally, § 1595 does not modify any of the fundamental provisions of the Covenant. Defendants argue that § 1595 modifies Section 501(a) of the Covenant. Section 501(a) of the Covenant makes specific provisions of the U.S. Constitution applicable to the CNMI as if the CNMI were one of the several states. In addition, Section 501(a) provides that those provisions of the Constitution of the United States not listed in Section 501(a), "which do not apply of their own force within the Northern Mariana Islands, will be applicable within the Northern Mariana Islands only with the approval of the Government of the Northern Mariana Islands and of the Government of the United States." *Id.* Defendants assert that Section 501(a) is modified by § 1595 because: (1) § 1595 was passed pursuant to Congress' Commerce Clause authority; (2) Section 501(a) of the Covenant does not list the Commerce Clause as applicable in to the CNMI; and thus, (3) application of § 1595 amounts to an unlawful "application" of the Commerce Clause to the CNMI. The argument is not persuasive.

5

First, although § 1595 does not explicitly state the authority that Congress relied on to pass the law, it appears to have been based on Congress' authority to pass legislation to enforce the abolition of slavery pursuant to Section 2 of the Thirteenth Amendment. *See* U.S. CONST. amend. XIII, § 2; TVPA § 102 ("The purposes of this division are to combat trafficking in persons, a contemporary manifestation of slavery. . . ."); *John Roe I v. Bridgestone Corp.*, 492 F. Supp. 2d 988, 1003 (S.D. Ind. 2007) ("[18 U.S.C. §] 1589, . . . , is obviously an exercise of Congressional power under Section Two of the Thirteenth Amendment."); *United States v. Garcia*, No. 02-CR-110S-01, 2003 WL 22938040, *3 (W.D.N.Y. Dec. 2, 2003) (holding that 18 U.S.C. § 1589 was passed pursuant to Congress' authority granted in the Thirteenth Amendment and not the Commerce Clause). Section 1595 was part of an amendment to the TVPA (which included § 1589). There is no reason to believe that Congress based the amendment on an authority different than that relied on in the original. In addition, the purpose of both the TVPA and the TVPRA is expressly to combat human trafficking, "a contemporary manifestation of slavery." TVPA § 102; *see* TVPRA Sec. 2(1) ("trafficking in persons continues to victimize countless men, women, and children in the United States and abroad."). Moreover, the Thirteenth Amendment explicitly applies to the CNMI. Covenant § 501(a).

Accordingly, Defendants' argument fails based solely on the fact that § 1595 was passed pursuant to Congress' authority under the Thirteenth Amendment and the Thirteenth Amendment explicitly applies to the CNMI.[4]

---

[4] Defendants argued at the hearing that Congress *explicitly* relied on its power under the Commerce Clause when it passed § 1595. The Court cannot locate such specific reliance.
Defendants also argue that the Court must apply the balancing test set forth in *ex rel. Richards v. De Leon Guerrero* to determine if § 1595 significantly infringes on the CNMI's right to self-government. However, the *Richards* balancing test only applies where the federal law does not also apply to the several states. *See Richards*, 4 F.3d at 754. The Court need not balance the competing interests because § 1595 applies to both the CNMI and the several states.

## CONCLUSION

In sum, 18 U.S.C. § 1595 applies in the CNMI and Defendants' motion for summary judgment on the first cause of action is DENIED.

**IT IS SO ORDERED.**

Dated: 4-21-08

ALEX R. MUNSON
UNITED STATES DISTRICT JUDGE